IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 1:17-CR-94-MJT |
| | § | |
| JARVOR WILL COSSE | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned are Defendant's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (docs. #52, #62, #65).[1] Cosse is currently serving a 120-month sentence for violation of 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute of 500 Grams or More of a Mixture or Substance containing Methamphetamine). (Doc. #241.) The United States filed two responses to the Defendant's motions. (Docs. #57, #75.)

### I.   ISSUES PRESENTED

Cosse filed his first motion for compassionate release on April 14, 2020. (Doc. #52.) He then filed a second motion on August 18, 2020, urging the court's review. (Doc. #62.) Cosse subsequently obtained counsel to represent him and filed an amended motion on May 3, 2021. (Doc. #65.) Cosse alleges that he suffers from medical conditions, including asthma, a lung mass, and obesity, which when coupled with the COVID-19 pandemic constitute extraordinary and compelling reasons. (*Id.*) He states that part of his right lung was surgically removed but that he needs additional medical attention. Cosse also asserts that he is a model prisoner with no

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); Doc. #343.

disciplinary infractions while in custody; he is a nonviolent offender; and has only a criminal history category of I, all of which show that he is not a danger to the community. (*Id.*)

The Government responds stating that the Defendant's medical issues do not rise to the level of extraordinary and compelling circumstances; he is now fully vaccinated for COVID; and although he is not a risk of danger to the community, his release would not meet the objective of providing adequate deterrence for criminal behavior or punish the seriousness of the offense. (Doc. #75.)

Since the above filings, as confirmed by the U.S. Probation Department, the Bureau of Prisons (BOP) released Cosse from prison to finish his term of imprisonment on home confinement as of January 18, 2023, with a release date of October 20, 2025. He was furloughed for a medical emergency on August 2, 2023, then returned to home confinement on August 12, 2023.

Although Cosse is no longer in prison, he is still in BOP custody serving the remaining portion of his custodial sentence while on home confinement, and should he violate the terms of his home confinement, the BOP could rescind the designation and reincarcerate him. Therefore, the issue of compassionate release is not moot, and the court will consider Cosse's motion on the merits. *United States v. Busby*, 534 F. Supp. 3d 661, 662–63 (N.D. Tex. 2021) (court granted compassionate release to defendant on home confinement modifying his 78-month sentence to time served); *see also United States v. Trevino*, No. 4:10-CR-83, 2021 WL 4453587, at *1 (E.D. Tex. Sept. 29, 2021) (court still considered the merits of defendant's compassionate release request where he was released but still remained under supervised release for five more years); *United States v. Ohia*, No. CR 13-00139-SDD-EWD, 2020 WL 5868463, at *1 (M.D. La. Oct. 1, 2020) ("Defendant's release to home confinement does not render his request for compassionate release moot."); *see United States v. Tarabein*, No. 17-cr-0090-KD-B, 2021 WL 5181309, at *3 (S.D. Ala. Nov. 8, 2021) (denying compassionate release on merits while defendant released by BOP on

home confinement); *United States v. Mathews*, No. CR 20-40029, 2021 WL 4523588, at *3 (D. S.D. Oct. 4, 2021) (same).

## II.   LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, the Government does not dispute that Cosse has met this requirement. Neither does this court.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391). On November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence. *See* U.S.S.G. §

1B1.13(b).  As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant himself.  U.S.S.G. § 1B1.13(a).

### III.   ANALYSIS

#### A.  *Exhaustion of Administrative Remedies*

As stated above, a request for compassionate relief must first be presented to the BOP for consideration.  After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted his remedies.  Therefore, the Defendant has satisfied his administrative exhaustion requirement.

#### B.  *Extraordinary and Compelling*

##### 1.  *Medical Conditions*

Extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or when a defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13.  In addition, a defendant may seek release if he is suffering from a medical condition that requires long term or specialized medical care that is not being provided.  *Id.*  Lastly, extraordinary and compelling reasons exist if the facility where the defendant is housed is affected or at imminent risk of being affected by an ongoing outbreak of an infectious disease or public health emergency and the defendant is at an

increased risk of suffering severe medical complications or death and such risk cannot be adequately mitigated in a timely manner. *Id.*

Courts that have granted compassionate release based on a prisoner's health problems "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021). Thus, "compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). The Government believes that the Defendant has failed to meet this exacting standard.

As stated above, Defendant's medical records indicate that he has a paraganglioma tumor on his right lung with partial surgical removal of his right lung, asthma, and is obese. (Doc. #66-1.) With regard to Cosse's conditions of obesity and asthma, courts do not generally find them extraordinary and compelling meriting release.

According to the CDC, 42.5% of the adult population in the United States is obese and 73.6% is overweight. Due to its prevalence, obesity cannot be deemed "extraordinary" in order to merit compassionate release. *See United States v. Harmon*, 834 F. App'x 101, 101 (5th Cir. 2021) (affirming denial of compassionate release to a 52-year-old woman who was obese with a BMI of 36); *United States v. Grant*, No. 16-00172-01, 2021 WL 149308, at *4 (W.D. La. Jan. 15, 2021) (noting that "while obesity is an underlying medical condition that poses increased risk of severe illness from COVID-19, courts have found that obesity—alone or even paired with other medical conditions—does not provide adequate grounds for compassionate release"); *United States v. Sentimore*, No. 04-382, 2020 WL 7630778, at *2 (E.D. La. Dec. 22, 2020) (finding that defendant's morbid obesity did not rise to the level of an extraordinary and compelling circumstance that would justify his early release); *United States v. Gordon*, No. 15-20609, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release to an obese defendant, reasoning that

because "42.4% of American adults are obese and [an] additional 32% are overweight," obesity "is not a condition so [extraordinary] that injustice would result if the relief is not granted")

In addition, according to the CDC, 20.4 million adults in the United States, 7.7% of the adult population, have asthma. As such, asthma cannot be deemed "extraordinary" in order to merit compassionate release. S*ee United States v. Thompson*, No. 3:18-CR-0573-B-11, 2021 WL 1966847, at *3 (N.D. Tex. May 17, 2021) (finding that a defendant's asthma, which was treated with an albuterol inhaler, did not rise to the level of extraordinary and compelling circumstances warranting compassionate release); *United States v. Holley*, No. 4:15-CR-265-4, 2021 WL 1581557, at *3 (S.D. Tex. Apr. 22, 2021) (denying compassionate release where the 28-year-old defendant claimed he had an increased risk of serious illness resulting from COVID-19 due to his asthma); *United States v. Pagan Zapata*, No. 3:18-CR235-S, 2020 WL 4464660, at *1 (N.D. Tex. Aug. 3, 2020) (finding that the defendant's long term asthma, which was being treated with an inhaler, did not merit compassionate release).

As to Cosse's more serious medical condition of pulmonary paraganglioma, the concerns are greater. Paragangliomas are very rare tumors that are usually noncancerous but can become cancerous and spread. *See* Neuroendocrine Tumors - Paraganglioma, Mayo Clinic at https://www.mayoclinic.org/diseases-conditions/paraganglioma/cdc-20352970 (last visited November 8, 2023). A paraganglioma secretes hormones that can cause high blood pressure, rapid heartbeat, sweating, headache, and tremors and most often surgery is required to remove as much of the tumor as possible. *Id.* In this case, Cosse had surgery to remove this tumor. (Doc. #66-1, at 145-147.) The surgical notes indicate that his condition is very rare; his right middle and lower lobes were plastered to his diaphragm like a pancake leaving him with essentially only a right upper lobe; and the lesion had caused post obstructive infection and disintegration of the bronchus. (*Id.*) Cosse's medical records indicate that the tumor was benign; however, there is also notation

from Cardiovascular Services that he has neuroendocrine carcinoma and needs a referral for oncology. (*Id.* at 74.) His records do not indicate any follow up. In addition, the court does not have Cosse's medical records from his most recent hospital visit this year while on home confinement.

Although Cosse's medical condition as a co-morbidity with COVID favors release, he did receive both doses of the Pfizer vaccine, which renders an inmate protected from the virus. *See United States v. Groom*, No. 2:17-cr-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021); *United States v. Grummer*, 519 F. Supp. 3d 760, 763 (S.D. Cal. 2021) (denying compassionate release to a vaccinated defendant with several chronic medical conditions); *United States v. Wakefield*, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (denying compassionate release to a defendant presenting with obesity, diabetes, and hypertension who received his first dose but had also previously tested positive); *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Furthermore, the fact that Cosse is now serving his sentence on home confinement renders his chance of contracting the virus from others in confinement obsolete. In addition, he is able to rest at home and receive the medical care that he needs while on home confinement by seeking furlough as he just did recently. Accordingly, the court finds that the Defendant does not present extraordinary and compelling reasons for release predicated on COVID and medical issues.

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because this court must consider all pertinent circumstances, including the Section 3553(a) factors. *See United States v. Doe*, 833 F. App'x 366, 367-368 (3d Cir. 2020) (affirming the denial of

compassionate release when the defendant presented medical risk, holding that the district court did not abuse its discretion in considering the nature of the offense, the defendant's history, and the status of the virus at the facility); *United States v. Bullock*, 833 F. App'x 934, 935-936 (3d Cir. 2021) (determining that the district court did not abuse its discretion in denying relief for medically vulnerable inmate upon considering the Section 3553(a) factors, including the substantial time remaining to be served, criminal history, and institutional infractions).

Compassionate release is not merited here after considering the applicable factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). Even when a prisoner has demonstrated an extraordinary and compelling reason under the compassionate-release statute, relief may still "be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693; *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."). The Government concedes that Cosse is not a danger to society; however, it asserts that he should not be released due to his having served only a small portion of his sentence thus not providing an adequate deterrence or punishment considering the seriousness of the offense committed.

### 1. *Denying compassionate release will promote just punishment and respect for the law.*

Granting this motion would fail to provide just punishment for Cosse's offense and promote respect for the law. Courts that have granted compassionate release "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434–35. For example, in *Chambliss*, while the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence

reduction' and he '[did] not present a danger upon release,'" the court denied compassionate release because "releasing [defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [defendant's] crime and seriousness of the offense." 948 F.3d at 693–94.

Here, the Defendant began his sentence in 2019 and received the statutory mandatory minimum of 120 months' imprisonment. He has served just under half of this sentence. Probation reported that his projected release date is October 20, 2025, which indicates that he has only two years left to serve on home confinement and will only serve approximately six out of ten years of his sentence. Considering the nature of his offense, his current condition of home confinement, and his abbreviated sentence, the court finds that denying compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94. Accordingly, this court must deny the Defendant's motion after considering the Section 3553 factors.

## IV.   RECOMMENDATION

"[C]ompassionate release is discretionary, not mandatory." *Chambliss*, 948 F.3d at 693. In exercising its discretion, the court finds that no extraordinary and compelling reasons exist. Having determined that extraordinary and compelling reasons justifying release are not present and considering all other applicable factors, the undersigned recommends that the court DENY, without prejudice, the Defendant's motions for compassionate release (docs. #52, #62, #65). Should the Defendant re-assert his motion for compassionate release demonstrating that he is not able to receive the care he requires while on home confinement or that he has lost his home confinement status and is re-incarcerated, the court will consider such arguments.

## V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 13th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE